Arrington's Inc. v. Commissioner.
Arrington's Inc. v. Commissioner
Docket No. 6414.
United States Tax Court
1946 Tax Ct. Memo LEXIS 118; 5 T.C.M. (CCH) 664; T.C.M. (RIA) 46185; July 31, 1946
A. W. Clapp, Esq., 900 First Nat. Bank Bldg., Atlanta, Ga., for the petitioner. Edward L. Potter, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Petitioner challenges respondent's determination of deficiencies in income tax in the amount of $757.31 and declared value excess-profits tax in the amount of $311.02 for the calendar year 1941. Two questions are presented: (1) whether respondent erred in disallowing a deduction in the amount of $487.36, denominated in petitioner's return as a deduction for bad debts, but now claimed to be an overstatement of income; and (2) whether respondent erred in disallowing an amount of $3,136.80, deducted by petitioner on its return as "Debts Retired Under Reorganization." Findings of Fact Petitioner, *119 a Georgia corporation, has been operating a laundry and dry cleaning business in Cordele, Georgia. Although on its tax returns for the calendar year 1939 and for the period January 1 - August 1, 1940, petitioner stated that the returns were prepared on the accrual method, petitioner's records at that time and during 1941 were kept on the cash basis. The earlier returns were prepared for petitioner by a deputy collector; the 1941 return, by its president. Its returns were filed with the collector of internal revenue for the district of Georgia. Petitioner at no time requested of respondent a change in its method of accounting. It filed no tax returns for the period August 1, 1940, to January 1, 1941. On its 1941 return petitioner stated that the return was prepared on the basis of cash receipts and disbursements. Petitioner had lost or inadvertently destroyed its original records of account for 1941 and earlier years. It kept no complete formal set of books. Daily cash register readings and check book were the entire original paid-out record. Figures from these sources were later posted in a ledger. On its 1941 return petitioner claimed as a bad debt deduction the amount *120 of $487.36, which it admits was mislabeled and now claims must be subtracted from gross income in order to avoid overstatement. The amount in question arose as a result of the following bookkeeping method of petitioner: Receivables for cleaning and laundry work were recorded at regular intervals through the cash register by ringing up such amounts, in a total, as a cash receipt. Amounts which continued unpaid, evidenced by unpaid tickets in petitioner's files, were then offset by ringing up the same total as a sum paid out. The total so recorded in 1941 was $487.36. In 1940 petitioner fell behind in the payment of its bills, as the business was operating at a loss. Creditors having begun to press for payment, it filed a petition in the Federal District Court of the Middle District of Georgia for relief under the Chandler Act, seeking an extension of time for paying its debts. A plan of payment was presented by petitioner, which was accepted by all creditors and which was approved by the District Court on January 21, 1941, in which was set forth a schedule for payment of the past due accounts. In the "Final Order of Confirmation," it was stated, inter alia: Debtor is to make *121 all payments as above narrated direct to creditors, thus saving itself expense of a trustee or disbursing officer, and debtor is to continue in possession and operation of its business until further order of this Court, debtor having the right to employ personnel at reasonable compensation according to the needs of its business. The total payments in 1941, pursuant to the plan, aggregated $3,136.80, composed of the following items: Claim
Paid
Principal
Interest
American Laundry Machine Co.
($3,659.26)
$660.00
$383.70
$276.30
Reconstruction Finance Corp.
( 2,300.00)
440.00
64.07
375.93
Social Security
( 1,694.74)
275.00
Bureau Unemployment Compensation
( 752.85)
165.00
Albany Loan & Finance Co.
(Fuel)
275.00
A. E. Walton
(Rent)
140.00
Allen & Vickers
(Supplies)
47.39
Anchor Packing Co.
(Supplies)
1.63
City of Cordele
(Water Account)
70.00
City of Cordele
(Taxes)
20.00
J. J. Coleman
(Fuel)
33.60
Crisp County
(Taxes)
42.00
Columbus Paper Co.
(Paper)
$ 30.80
Hild Floor Machine Co.
(Supplies)
77.00
H. Kohnstamm & Co., Inc.
(Supplies)
24.08
McGarr-Turner Co.
(Repairs)
35.00
Macon Supply Co.
(Supplies)
4.74
Nashua Package Sealing Co. Inc.
(Supplies)
20.16
Phenix Supply Company
(Supplies)
184.45
F. H. Ross & Co.
(Supplies)
31.29
The Selig Co.
(Supplies)
12.39
Southern Bell Tel. Co.
(Service)
30.73
Taylor Iron Works
(Repairs)
29.54
A. D. Covington
(Int. $ 525 at 8%)
42.00
S. P. Arrington
(Int. $2100 at 6%)
126.00
E. P. Turnbull
(Int. $2050 at 6%)
123.00
Mary Pubston
(Int. $1600 at 6%)
96.00
U. V. Whipple
(Legal Fees)
100.00
$3,136.80
*122 The entire amount was deducted as one item "Debts Retired Under Reorganization," in petitioner's tax return for the year 1941; petitioner concedes that it was in error in deducting the items of principal paid to the Laundry Machine Company and Reconstruction Finance Corporation. The remaining items represented operating expenses and taxes. None of these items was entered in petitioner's records prior to the time of payment and no previous deduction had been taken for any of these amounts. In his notice of deficiency respondent disallowed the designated bad debt deduction since petitioner's "return was prepared on the basis of cash receipts and disbursements and the amount thereof had not previously been included in income." The explanation of the other disallowance was: The deduction of $3,136.80 claimed by reason of the payment of corporate liabilities under a plan of reorganization has been disallowed. Section 23 (a) of the Internal Revenue Code. Opinion Once it is established that petitioner actually kept its books on the cash basis, the deductibility of both disputed items follows. From the testimony and description of petitioner's bookkeeping *123 "system," if it can be so dignified, we have reached the conclusion that it was on the cash basis notwithstanding the erroneous statement on some of its returns, and we have so found. The so-called bad debt deduction then appears as nothing more than an overstatement of income, which must be reduced accordingly to conform to the facts. Only by what is thus the equivalent of a deduction can the actual receipts of the business be correctly stated, since obviously the uncollected charges form no proper portion of a cash-basis taxpayer's gross income. And the amount in question was proved as accurately as the circumstances permitted. As for the remaining item, petitioner now concedes that payments on account of principal are not the proper subject of a deduction. The remaining items of operating costs were never previously deducted according not only to the uncontradicted testimony but also to the assumption of a cash disbursements system. For petitioner as a continuing enterprise, deduction in the year before us must be permitted if it is not to be deprived of the deductions altogether. Decision will be entered under Rule 50.